*Highgate Housing Limited Partnership v. Andersen*, No. 35-1-15 Wncv (Teachout, J., August 26, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                       **CIVIL DIVISION**
**Washington Unit**                                       **Docket #35-1-15 Wncv**


**HIGHGATE HOUSING LIMITED PARTNERSHIP**

    **v.**

**MELISSA ANDERSEN and NICHOLAS BLISS**


### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A final hearing on the merits was held on August 13, 2015 on the Plaintiff's claim for a money judgment in this eviction action. Partial Judgment for Possession was previously issued on June 10, 2015. Plaintiff's representative Diane Badger was present at the hearing, and Plaintiff was represented by Attorney Nadine L. Scibek. Defendants had previously appeared in the case but did not attend the final hearing.

Plaintiff initially claimed that Defendants owed $25,483.90 in unpaid rent, and later reduced that claim to $25,243.90. Based on the evidence, the court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

Defendants began renting Unit #39 at 35 Skyline Drive in Barre in July of 2011 under a written lease as part of a HUD program involving rental assistance. At that time their share of monthly rental was $514. The written lease provided in Paragraph 4 that "The Landlord agrees to give the Tenant at least 30 days advance written notice of any increase in the Tenant's rent except as noted in paragraphs 11, 15, or 17."

As of May 30, 2012, Defendants' had a zero balance. Rent for June of 2012 of $514 was not paid. Plaintiff sent Defendants a letter dated November 8, 2012 notifying them that rent would be $710 effective as of July 1, 2012. No exception to the 30 day notice requirement has been shown. Defendants filed an Answer in which they asserted improper backdating of rent increases. The court finds that based on the 30 day notice requirement in the lease, the $710 rental amount became effective on January 1, 2013.

For the 7-month period from June 1, 2012 through December of 2012, total rent due was 7 x $514 = $3,598. Defendants paid a total of $2,056, leaving a balance due of $1,542.

Plaintiff sent Defendants a letter dated October 15, 2013 notifying them that rent would be $806 effective as of July 1, 2013. No exception to the 30 day notice requirement has been

shown. The court finds that based on the 30 day notice requirement in the lease, the $806 rental amount became effective on December 1, 2013.

For the 11- month period from January 1, 2013 through November of 2013, total rent due was 11 x $710 = $7,810. Defendants paid $2,250, leaving a balance of $5,560 for that period.

On March 1, April 1, and May 1, 2014, Plaintiff sent Defendants letters stating that unless they provided information otherwise, their rent would increase on July 1, 2014 to market rent of $931. These notices complied with the 30 day advance notice requirement.

For the 7-month period from December 1, 2013 through June of 2014, total rent due was 7 x $806 = $5,642. Defendants paid nothing during that period, leaving a balance for that period of $5,642.

For the 12-month period from July 1, 2014 through June of 2015, total rent due was 12 x $931 = $11,172. Defendants paid no rent directly to Plaintiff during that period but paid $4,116.65 in rent escrow payments directly to court, which will be transferred to Plaintiff, leaving a balance for that period of $7,055.35.

Plaintiff is thus entitled to the $4,116.65 in escrow funds plus unpaid rent in the following amounts as set forth above:

```
     1,542.00
     5,560.00
     5,642.00
     7,055.35
   $ 19,799.35
```

Defendants are entitled to a credit of $561.10 from unapplied security deposit funds, leaving a balance due of $19,238.25,

Plaintiff is entitled to attorneys' fees under the lease and the claim in the amount of $690.00 is reasonable.

## Conclusions of Law

Plaintiff has proved by a preponderance of the evidence a claim for all funds held in escrow by the court plus a judgment of $19,238.25 plus attorneys' fees of $690.00.

Dated at Montpelier this 26th day of August, 2015.

_____
Mary Miles Teachout
Presiding Judge